IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERBERT EUGENE BURROUGHS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-055 |
| | ) | (Formerly CR 313-06) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED** (doc. no. 7), Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

    **A.   Indictment**

On August 7, 2013, a grand jury in the Southern District of Georgia charged Petitioner with one count of a publishing a notice offering to exchange or distribute child pornography, five counts of distributing child pornography, and two counts of attempted online enticement of a minor. United States v. Burroughs, CR 313-006, doc. no. 1 (S.D. Ga. August 7, 2013) ("CR 316-006"). The Court appointed attorney James C. Garner to

represent Petitioner.  (Id., doc. no. 20.)

### B. Change of Plea

On December 17, 2013, Petitioner pled guilty to two counts of distributing child pornography. (Id., doc. no 32.) During the change of plea hearing, United States District Judge Dudley H. Bowen, Jr., established Petitioner's competence to enter a guilty plea if he so desired.  (Id., doc. no. 54 ("Rule 11 Tr."), pp. 5-6.)

First, Judge Bowen reviewed the charges in the indictment and explained the rights that Petitioner would be waiving by pleading guilty. (Id. at 7-12.) Petitioner affirmed that he clearly understood those rights. (Id.) Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id. at 10-11.) Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty. (Id. at 12.) Nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id. at 16.)

Judge Bowen also reviewed the minimum and maximum statutory penalties for the charges. (Id. at 9-10.) Judge Bowen explained that Petitioner was facing a statutory minimum of five years in prison and a maximum of twenty years in prison for each charge. (Id.) When asked, Petitioner confirmed that he understood the possible penalties. (Id. at 19.)

Judge Bowen heard a factual basis for Petitioner's guilty plea from Special Agent Edward Sutcliff of the Federal Bureau of Investigation. (Id. at 17-22.) SA Sutcliff testified that the FBI Maryland office, through an account taken over from a person previously involved in distributing child pornography, received an email from

geneburroughs3@gmail.com which requested pornographic images of females, ages 11 to 17. (Id. at 17-18.) Petitioner sent an email on April 29, 2013 to the FBI agent that contained thirty-two photographs and four videos of child pornography and another email on May 2, 2013 that contained three pornographic images of children. (Id.) Subsequent to his arrest in August 2013, Petitioner admitted to an FBI agent that he sent the pornographic images from the email address. (Id. at 18.)

Petitioner's plea agreement included a broad collateral attack waiver provision that stated in relevant part:

> the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id., doc. no. 32, pp. 4-5.) By signing the plea agreement, Petitioner attested that he had read the plea agreement and understood all of its provisions. (Id. at 12.)

In reviewing the rights that Petitioner would be waiving by signing the plea agreement, Judge Bowen reviewed the collateral attack waiver and summarized it as follows:

> You have agreed to waive any right to appeal from any sentence imposed, and that includes a waiver and giving up any right to challenge the fact of conviction, that is, guilt or innocence. Now, if, for some reason, I impose a sentence above the guidelines or impose a sentence above the statutory maximum --I never have figured out how I could do that, but, anyway, that's what this agreement says -- if I sentence you above the statutory maximum, then you can always file an appeal on those things, but you would never get your right to challenge guilt or innocence ever again.

3

(Rule 11 Tr., p. 12.) When asked about the appeal and collateral attack waiver, Petitioner clearly indicated that he understood it. (Id. at 12.) Judge Bowen aptly summarized the proceedings as follows:

> In that this defendant has acknowledged his guilt, he is aware of his rights at trial, he knows the potential consequences of his own volition, he has made that election with his attorney's advice, and there is an ample factual basis, I will accept the pleas in writing.

(Id. at 27.)

### C.     Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 37, Criminal History Category at III, and an advisory Sentencing Guidelines term of imprisonment at 262 to 327 months. (PSI ¶¶ 39, 49, 82.) Petitioner objected to an enhancement in the PSI but withdrew the objection at sentencing. CR 313-006, doc. no. 51("Sent. Tr."), p. 4; (PSI Addendeum.). As a result, Judge Bowen adopted the factual statements and guidelines recommendation contained in the PSI. (Id. at 4-5.)

On June 25, 2014, Judge Bowen imposed a sentence of 202 months on Count Two and a consecutive sentence of 60 months on Count Five, for a total sentence of 262 months imprisonment, in addition to ten years of supervised release, and a fine of $2000. (Id. at 41-42; CR 313-006, doc. no. 45.) Judgment was entered two days later, on June 27, 2014. (Id., doc. no. 45.)

### D.     Subsequent Proceedings

Petitioner did not file an appeal but timely filed this § 2255 motion, raising two grounds for relief:

4

> I. Petitioner's attorney was ineffective for failing to investigate his case and for failing to explain his conviction.
>
> II. The Court incorrectly ran his two sentences concurrently rather than consecutively.

(Doc. no. 1, pp. 5-7.) Respondent contends that the petition should be denied because (1) Petitioner has not shown prejudice from his counsel's alleged ineffectiveness and (2) Petitioner's sentencing claim is barred by his collateral attack waiver. (Doc. no. 3, pp. 7-13.) Petitioner has also filed a motion to amend his § 2255 motion with the following claims:

> III. Counsel was ineffective for failing to challenge the application of USSG §2G2.2.
>
> IV. The District Judge erroneously applied USSG § 2G2.2 at sentencing.

(Doc. no. 7.) Respondent contends that the new claims are untimely and do not relate back to the original petition.

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v.

United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

**B. Petitioner's New Claims are Untimely and Do Not Relate Back to His Original Petition.**

Petitioner's motion requests leave to amend his petition but gives no argument as to why his new claims should be considered timely. (Doc. no. 7.) Petitioner's judgment of conviction was entered on June 27, 2014, and his conviction became final fourteen days later, on July 11, 2014. See Fed. R. App. P. 4(b)(1). The instant claims come almost 23 months after that date, well beyond the one year statute of limitations. See 28 U.S.C. § 2255(f). Petitioner also fails to allege any facts that would qualify him for a later statute of limitations and there appear to be none. Thus, Petitioner's new claims are only timely if they relate back to his original motion or if he is entitled to tolling of the statute of limitations.

First, Petitioner is not entitled to equitable tolling on his new claims. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary

circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his new claims. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but only that he was improperly sentenced. (See doc.

7

no. 7.) Thus, neither equitable tolling nor the actual innocence exception applies to toll his one-year statute of limitations.

Second, Petitioner's new claims do not relate back to his original motion. Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set out or attempted to be set out -- in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (citing Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001)). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Farris, 333 F.3d at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002). In other words, at issue here is whether the amended claims are merely an attempt to "flesh out" an original claim, or if the amended claims rely upon different facts.

Here, Petitioner's original § 2255 motion gave no indication as to the factual basis of his current claims—that he allegedly received an incorrect enhancement under USSG § 2G2.2. The original motion only claimed that his lawyer failed to investigate his sentence or

8

explain to him his conviction and that his sentences should not have run concurrently. Thus, Petitioner's supplemental claims are entirely new and based on different facts. Further, the fact that Petitioner asserted an ineffective assistance claim as to an unrelated ground in his original motion does not save his new ineffective assistance claim from being untimely. Davenport, 217 F.3d at 1344. Accordingly, Petitioner's new claims are untimely, and his motion to amend should be denied.

### C. Petitioner Has Not Shown Prejudice as to His Ineffective Assistance of Counsel Claim.

Petitioner asserts, without any further exposition, his counsel failed to investigate his case or explain his conviction to him. (Doc. no. 1, p. 6.) Respondent argues Petitioner has failed to cite any evidence that could have been discovered by counsel's investigation and that his plea was entirely knowing and voluntary. (Doc. no. 3, pp. 7-11.)

#### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the

9

petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

10

would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

### 2. Petitioner Has Failed to Demonstrate Prejudice from Counsel's Alleged Failure to Investigate His Case.

Petitioner's unsupported assertion that counsel failed to investigate his case is insufficient to show ineffective assistance of counsel. "Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 U.S. 52, 60, (1985). The Supreme Court in Hill stated: "[t]his assessment . . . will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id. Similarly, "[w]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id. The Eleventh Circuit has similarly held that "no absolute duty exists to investigate particular facts or a certain line of defense." Chandler v. United States, 218 F.3d 1305, 1317 (11th Cir. 2000)

11

Here, Petitioner gives no information as what any particular investigation by his counsel might have uncovered. As to guilt, Petitioner clearly admitted guilt during the factual basis for his plea and admitted to sending pornographic emails to an FBI agent. (Rule 11 Tr., pp. 17-18.) As to sentencing and Petitioner's PSI, Petitioner withdrew any objections to the PSI at sentencing, and he gives no further clarity as to what mitigating evidence any potential investigation might have uncovered. In addition to this failure, Petitioner has not demonstrated any prejudice because he offers no explanation as to how an investigation might have resulted in a lesser sentence. Accordingly, Petitioner has not demonstrated prejudice on his failure to investigate claim, and his claim fails under Strickland.

### 3. Petitioner Cannot Show Prejudice as to His Claim that Counsel Failed to Explain His Conviction.

Petitioner also alleges that counsel failed to explain his conviction to him but offers no further information as to this claim. (Doc. no. 1, p. 6.) To the extent Petitioner is claiming his plea was unknowing and involuntary, the record clearly demonstrates this claim is without merit, and Petitioner was not prejudiced by his counsel's alleged failure to explain his conviction due to Judge Bowen's thorough colloquy.

During the plea colloquy, Judge Bowen clearly explained the rights Petitioner was waiving by pleading guilty. (Rule 11 Tr. at 10-11.) In particular, Judge Bowen explained the following:

> [I]f you plead guilty under this plea agreement that you have offered, you will be waiving and giving up forever all of the rights that we discussed. If you plead guilty, you will be found guilty, adjudged guilty, and eventually sentenced on your guilty plea."

(Id. at 11.) When asked if he understood, Petitioner stated "Yes, sir." (Id. at 12.) Thus, Petitioner clearly understood that the result of his guilty plea would be a conviction.

12

As to the possible sentence that he might receive, Judge Bowen advised him that the maximum penalty for child pornography distribution was twenty years. (Id.) When asked if he understood the maximum penalty, Petitioner clearly indicated that he did. (Id.) Thus, any claim that Petitioner might make that he did not understand his sentencing exposure is without merit. See United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"). As outlined above, Judge Bowen also explained the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Rule 11 Tr. at 10-11.) Thus, the record demonstrates Judge Bowen clearly explained the import of his guilty plea, and Petitioner clearly indicated he understood it. Although Petitioner would have the Court ignore his sworn testimony, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74.

In sum, Petitioner cannot show prejudice from his claim counsel did not explain his conviction to him, and this ground of relief is without merit.

### D. Petitioner's Claims Are Barred Because He Knowingly and Voluntarily Agreed to the Collateral Attack Waiver.

Petitioner's second ground regarding the consecutive sentences imposed is barred by the collateral attack waiver in his plea agreement. It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008);

13

see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004) (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collaterally attack his sentence and conviction or the knowing and voluntary nature of his guilty plea, except in three narrow circumstances that clearly do not apply here. (See CR 313-006, doc. no. 32, pp. 4-5.) ("[T]he defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground . . . .").) Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, including specifically the waiver provision. (Rule 11 Tr., p. 12.) After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed to the terms of the plea agreement, including the collateral attack waiver. (Id. at 12.) Therefore,

14

the collateral attack waiver was knowing and voluntary. Weaver, 275 F.3d at 1333. Further, Petitioner cannot now disavow his solemn declarations in open court. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In sum, because Petitioner's claim as to his sentence does not call into question the validity of his guilty plea or the collateral attack waiver, it is barred by the collateral attack waiver. (See doc. no. 1, p. 7.)

### C. Even if the Collateral Attack Waiver did not Bar Petitioner's Sentencing Claim, Which it Does, Petitioner's Claim in Ground II is Procedurally Defaulted.

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Here, it is undisputed that Petitioner did not appeal his sentence and conviction due to his collateral attack waiver. (Doc. no. 1, p. 7.) Petitioner also does not allege cause for failing to bring his sentencing claim on appeal. (See id.) Nor can Petitioner show prejudice because judges have broad latitude to impose consecutive sentences for separate offenses. See 18 U.S.C. § 3584(a). Petitioner also does not assert the actual innocence exception and his admission as to the factual basis of the crime would prevent him from doing so. (Rule 11 Tr. at 17-22.) Accordingly, Petitioner cannot show cause and prejudice to excuse his default, rendering his claims procedurally defaulted.

### E. Petitioner's Claim Regarding Consecutive Sentences is Without Merit.

Petitioner appears to claim that his consecutive sentences of 202 months on Count Two and 60 months on Count Five, for a total sentence of 262 months imprisonment, was error despite such a sentence coming at the very low end of the Sentencing Guidelines Range. (Sent. Tr. at 41-42; CR 313-006, doc. no. 45.) 18 U.S.C. § 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

Here, Petitioner's two charges were for two separate instances of distributing child pornography, not an attempt and a substantive offense based on that attempt. (CR 313-006, doc. no.1.) Thus, Judge Bowen was well within his authority to decide to impose consecutive sentences. Accordingly, Ground II is barred by the collateral attack waiver, procedurally defaulted, and fails on the merits.

16

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED** (doc. no. 7), Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA